**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| | : | Civil No. 05-5405 (KSH) |
| TRACY B. GURLEY, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| NATIONAL WHOLESALE | : | |
| LIQUIDATOR WAREHOUSE, et al., | : | |
| | : | |
| Defendants. | : | |

---

| | |
|---|---|
| | : |

**APPEARANCES**:

> TRACY B. GURLEY,#271591B, <u>Pro Se</u>
> Riverfront State Prison
> P.O. Box 9104
> Camden, New Jersey   08102

**HAYDEN**, District Judge

Tracy B. Gurley, a prisoner incarcerated at Riverfront State Prison, seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.   Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the clerk to file the complaint without pre-payment of the filing fee; (3) assesses a $350.00 filing fee against plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from plaintiff's prison account, when funds exist, and forward it to the Clerk; and (5) directs the NJDOC to forward payments from plaintiff's prison account to the

Clerk each subsequent month that the amount in the account exceeds $10.00, until the total of $350.00 is paid in full.  See 28 U.S.C. § 1915(a), (b).  The Court has reviewed the complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and will dismiss the complaint without prejudice to the filing of an amended complaint.

## I.  BACKGROUND

Plaintiff seeks damages for the alleged violation of his constitutional rights, arising from his arrest and criminal prosecution.  The named defendants are National Wholesale Liquidator Warehouse, Michael Schmitt, Jersey City Medical Center, Hudson County Sheriff's Department, Hudson County Pre-Sentence Department, Hudson County Jail, Superior Court Judge Fred S. Theemling, Prosecutor Kelly Austin, Public Defender Jeffrey Mandel, Newark International Airport, Delta Airlines, Sacramento County Jail, and Transcor of America.

Contrary to the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, the Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and [ ] a demand for judgment for the relief the pleader seeks."  See Fed. R. Civ. P. 8(a)(2) and (3).  The court gleans the following facts from the body of the complaint and various documents attached to the complaint.  Plaintiff asserts that on May 25, 2004, he went to National Wholesale Liquidators Warehouse to buy a television on layaway.  He alleges that defendant Michael Schmitt, a Hudson County Sheriff's Officer, pushed him into a stairwell, struck him in the throat, and knocked him to the ground.  Plaintiff alleges that Schmitt and other employees beat him, causing a broken jaw.  He asserts that Schmitt identified himself as a Hudson County Sheriff's Officer and arrested plaintiff for larceny, robbery, aggravated assault on a police officer, and resisting arrest.

2

Plaintiff asserts that he was transported to the Jersey City Police Department, South Precinct, and that an officer notified the Hudson County Sheriff's Department that plaintiff was injured.   Plaintiff alleges that he was then taken to the Jersey City Medical Center.   Plaintiff states that he asked hospital officials to x-ray his jaw, but Sheriff's Officer Ford instructed the nurse to draw blood from Plaintiff.   Plaintiff asserts that he protested.   Plaintiff alleges that the nurse injected him with a sedative, he then fell unconscious, and the nurse drew his blood without his consent.

Plaintiff asserts that the Hudson County Grand Jury indicted him for robbery, aggravated assault on a police officer, and resisting arrest.   Plaintiff alleges that his first criminal trial started  on May 5, 2005.   He asserts that the jury found him not guilty of the charged offenses, but told the judge that he was guilty of shoplifting, a crime for which he was not charged.   Plaintiff asserts that Superior Court Judge Frederick Theemling dismissed the jury, and plaintiff's attorney moved to dismiss the charges.   Plaintiff states that Judge Theemling did not rule on the motion, but gave plaintiff a new trial date.

Plaintiff alleges that he was released on bail, and worked as a tractor-trailer driver.   He asserts that, while he was transporting a load of cargo in California, on June 13, 2005, the California State Police pulled him over for a moving violation.   Plaintiff asserts that he gave the police officer a business card from the Hudson County Pre-Sentence Department, and the police officer telephoned the Department and spoke with Ms. Hunter, who asked the officer to detain him.   He asserts that the police officer transported him to the Sacramento County Jail where he was incarcerated.   Plaintiff was scheduled to appear for his criminal case in the Superior Court of New Jersey on June 14, 2005, but he did not appear because he was incarcerated at the

Sacramento County Jail.   As a result, on June 14, 2005, Judge Theemling issued a bench warrant for his arrest.[1]

Plaintiff alleges that on June 24, 2005, he appeared in the Superior Court of California for an extradition hearing, and he waived extradition to New Jersey.[2]   He asserts that on July 22, 2005, Wilson, an employee of defendant Transcor of America, transported him from California to Newark International Airport on a Delta Airlines plane.   Plaintiff asserts that a Hudson County Sheriff's Officer took him into custody   when the plane landed in Newark, and transported him to the Hudson County Jail.   Plaintiff asserts that he was incarcerated at the Hudson County Jail from July 22, 2005, through July 29, 2005, when he appeared before a New Jersey court, which issued a warrant and revoked bail.[3]

Plaintiff states that he was eventually convicted of simple assault, shoplifting, and resisting arrest.   On December 2, 2005, Superior Court Judge Theemling sentenced him to an aggregate 10-year sentence.   The complaint does not specify the relief sought.

---

[1]   Attached to the complaint is an order for bench warrant and bail forfeiture, signed by Superior Court Judge Fred J. Theemling, Jr., on June 14, 2005, which directs the Sheriff of Hudson County or other authorized persons to arrest plaintiff and bring him before the Superior Court of New Jersey, Hudson County, on the ground that he failed to appear and left the state without permission.   The bench warrant states that "Deft. is believed to be incarcerated in the Sacramento County Jail, California."

[2]   Attached to the complaint is a waiver of extradition filed in the Superior Court of California, County of Sacramento, on June 24, 2005.   The waiver, which is signed by plaintiff, states that plaintiff "freely and voluntarily waive[s] the issuance and service of the Governor's Warrant and any other legal documents which otherwise have to be filed and served upon [him] for the purpose of securing [his] return to the State of New Jersey."

[3]   Attached to the complaint is a criminal complaint against plaintiff filed in July 2005 in the Superior Court of New Jersey, Law Division, Hudson County, charging plaintiff with failure to appear in on June 14, 2005, in State v. Gurley, Indictment No. 04-10-1703.

4

## II.   LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.   See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.   The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.   See Haines v. Kerner, 404 U.S. 519, 520 (1972).   A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).   "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"   Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).   Under the notice pleading standard, a plaintiff need not set out in detail the facts upon which his claim for relief is based, but need only provide a statement sufficient to put the opposing party on notice of his claim.   See, e.g., Foulk v. Donjon Marine Co., 144 F.3d 252, 256 (3d Cir. 1998).

5

### III.   DISCUSSION

Federal courts are courts of limited jurisdiction.   See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).   "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."   Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).   A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."   U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.   Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:   (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.   See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).   "When evaluating a claim brought under § 1983,

6

we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).   If so, the Court determines whether the defendant can be held liable for that violation.   See Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing the complaint, the Court reads it as potentially asserting the following claims under § 1983:   (A) arrests in violation of Fourth and Fourteenth Amendment; (B) use of excessive force in violation of Fourth and Fourteenth Amendment; and (C) malicious prosecution in violation of Fourth and Fourteenth Amendment.

A.   Unconstitutional Seizures

The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, see Berg v. County of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000), provides in relevant part:   "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."   U.S. Const. amend IV.   The complaint presents four potential claims for alleged seizures in violation of the Fourth Amendment, applicable to states through the Fourteenth Amendment, and 42 U.S.C. § 1983:   (1) arrest on May 25, 2004, at National Wholesale Liquidators; (2) use of excessive force during arrest; (3) the extraction of Plaintiff's blood for testing without his consent; and (4) arrest on June 13, 2005.

An arrest without probable cause violates the Fourth Amendment.   See Albright v. Oliver, 510 U.S. 266, 274-75 (1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d

Cir. 1995).  "To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested."  Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); Orsatti, 71 F.3d at 483; see also Dunaway v. New York, 442 U.S. 200, 206-216 (1979) (police officers violate the Fourth Amendment when, without probable cause to arrest, they take a person into custody, transport him to the police station, and detain him for interrogation).[4]

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999); see also Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997).   Proper application of the reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 289 (quoting Graham, 490 U.S. at 396); accord Mosley, 102 F.3d at 95; Baker v. Monroe Tp., 50 F.3d 1186, 1193-93 (3d Cir. 1995).

---

[4] However, damages for a false arrest claim cover the time of detention up until issuance of process, i.e., indictment, arraignment or a preliminary hearing, but not more.  See Wallace v. Kato, ____ U.S. ____, 2007 W.L. 517122 *4 (Feb. 21, 2007); accord  Johnson v. Knorr, ____ F. 3d ____, 2007 W.L. 465704 *5 (3d Cir. Feb. 14, 2007).  "From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."  Wallace at *4 (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 119, p. 888 (5th ed. 1984)).

" [A] compelled intrusion into the body for blood to be analyzed . . . must be deemed a Fourth Amendment search." Skinner v. Railway Labor Executives' Assoc., 489 U.S. 602, 617 (1989) (quoting Schmerber v. California, 384 U.S. 757, 767-68 (1966)) (internal quotation marks omitted); see also United States v. Ward, 131 F. 3d 335, 340 (3d Cir. 1997).   The Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable. See Skinner, 489 U.S. at 619.   "What is reasonable, of course, depends on all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." Id. (citation and internal quotation marks omitted).   Except in certain well-defined circumstances, a search or seizure is not reasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause.   Id.; see also   Ward, 131 F. 3d at 340 ("Generally, for a search to be reasonable, a government agent must establish probable cause to believe that evidence will be found on the person to be searched and obtain permission to conduct the search from a neutral and detached magistrate").

As previously stated, this Court liberally construes the complaint as presenting four potential Fourth Amendment seizure claims.   First, plaintiff complains of his arrest without a warrant on May 25, 2004, by Sheriff's Officer Schmitt at the National Wholesale Liquidator Warehouse.   On the facts alleged in the complaint, plaintiff may be able to assert a Fourth Amendment false arrest claim if Schmitt lacked probable cause to arrest Plaintiff on May 25, 2005.   Next, plaintiff complains that Schmitt and Warehouse employees beat him during the arrest on May 25, 2004.   Plaintiff may be able to show that Schmitt, and possibly the store's

employees used excessive force in violation of his Fourth Amendment rights.[5]   Third, plaintiff

complains that the nurse at Jersey City Medical Center, in accordance with the directive of

Sheriff's Officer Ford, extracted plaintiff's blood without his consent.   Based on these

allegations, he may be able to assert a Fourth Amendment claim against Sheriff's Officer Ford

and the nurse.   Finally, he complains that on June 13, 2005, a California police officer arrested

him and incarcerated him at Sacramento County Jail at the request of Ms. Hunter of the Hudson

County Pre-Sentence Investigation Department. Plaintiff may be able to show that he was

arrested on June 13, 2005, without a warrant or probable cause that he had committed a crime.[6]

However, he does not name the individuals who were personally involved in the alleged

wrongdoing as defendants.   See Rode v. Dellarciprete, 845 F. 2d 1195, 1207 (3d Cir. 1988).

Rather, he sues the entities who employed the alleged wrongdoers.   But an entity cannot be held

liable under § 1983 solely because it employs a tortfeasor.   See Monell v. Dept. of Social

Services of City of New York, 436 U.S. 658, 691 (1978).   "[I]t is when execution of a

---

[5] As set forth above, to assert a claim under § 1983, Plaintiff would have to show that
these employees were acting under color of state law.   "[T]he under-color-of-state-law element
of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or
wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999)
(quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).   State action exists where the conduct
allegedly causing the deprivation of a federal right is "fairly attributable to the State."   Lugar v.
Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).   "Before private persons can be considered
state actors for purposes of section 1983, the state must significantly contribute to the
constitutional deprivation, e.g., authorizing its own officers to invoke the force of law in aid of
the private persons' request."   Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1266
(3d Cir. 1994).

[6] As plaintiff alleges that he was not scheduled to appear before the Superior Court of
New Jersey until June 14, 2005, it can be inferred that Hunter lacked probable cause on June 13,
2005, to cause plaintiff's arrest for the crime of failure to appear in court.   Moreover, Judge
Theemling did not issue the arrest warrant based on failure to appear until June 14, 2005.

government's policy or custom, whether made by its lawmakers or by those whose edicts and acts

may fairly be said to represent official policy, inflicts the injury that the government as an entity

is responsible under § 1983." Monell, 436 U.S. at 694.   The Third Circuit has similarly held

that a private entity which is acting under color of state law may not be found liable under § 1983

unless the entity had a relevant policy or custom, and the policy caused the constitutional

violation.   See Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir.

2003).   The unconstitutional acts of an employee may be deemed to be the result of a custom or

policy of the entity for whom the employee works, thereby rendering the entity liable under §

1983, under the following circumstances:

> The first is where the appropriate officer or entity promulgates a
> generally applicable statement of policy and the subsequent act
> complained of is simply an implementation of that policy.   The
> second occurs where no rule has been announced as policy but
> federal law has been violated by an act of the policymaker itself.
> Finally, a policy or custom may also exist where the policymaker
> has failed to act affirmatively at all, [though] the need to take some
> action to control the agents of the [entity] is so obvious, and the
> inadequacy of existing practice so likely to result in the violation of
> constitutional rights, that the policymaker can reasonably be said to
> have been deliberately indifferent to the need.

Natale, 318 F.3d at 584 (citations, internal quotation marks and footnotes omitted).

In this case, the facts alleged in the complaint do not show that any of the named

defendants is liable under § 1983 for the alleged unconstitutional seizures.   Moreover, neither

the Hudson County Sheriff's Department nor the Hudson County Pre-Sentence Department is an

entity that can be sued under § 1983 independent of Hudson County.   See Will v. Michigan

Dep't of State Police, 491 U.S. 58, 71 (1989) (state police department is not a "person" subject to

suit under § 1983); Martin v. Red Lion Police Dept., 146 Fed. Appx. 558, 562 n.3 (3d Cir. 2005)

(a municipal department is not a proper defendant in a § 1983 action).   Even if the Court were to construe the complaint as naming Hudson County as a defendant, [7] the complaint does not state a claim against Hudson County because plaintiff does not assert that the alleged seizures were a result of a policy or custom of Hudson County.   Nor can it be inferred from plaintiff's allegations that the alleged seizures were a result of a custom or policy of the other entities named as defendants.   Thus, the complaint, as written, does not assert a § 1983 seizure claim against any of the named defendants.   Accordingly, the Fourth Amendment seizure claims will be dismissed.

B.   Unconstitutional Malicious Prosecution

The Court also construes the complaint as attempting to assert a constitutional malicious prosecution claim.   "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that:   (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."   Johnson v. Knorr, _____ F. 3d _____, 2007 WL 465704 *5 (3d Cir. Feb. 14, 2007) (footnote omitted); see also Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791-5 (3d Cir. 2000); Torres v. McLaughlin, 163 F.3d

---

[7] See Hafer v. Melo, 502 U.S. 21, 25 (1991) (section 1983 suit against a governmental officer in official capacity represents another way of pleading an action against the entity of which the officer is an agent); Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action against city's director of police department as an action against the city where the city had notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

169, 172-74 (3d Cir. 1998); Lind v. Schmid, 67 N.J. 255, 262 (1975).   The Third Circuit

recently ruled in Johnson v. Knorr, supra at *8 that "a defendant initiating criminal proceedings

on multiple charges is not necessarily insulated in a malicious prosecution case merely because

the prosecution of one of the charges was justified[, and] courts need to separately analyze the

charges claimed to have been maliciously prosecuted."   Id. (citation and internal quotation marks

omitted).

In this case, plaintiff asserts that, although he was convicted of shoplifting, simple

assault, and resisting arrest, he was maliciously prosecuted for robbery and aggravated assault on

a police officer, charges for which he was acquitted.   Under Johnson v. Knorr, plaintiff may be

able to assert a constitutional malicious prosecution claim against an appropriate defendant, even

though he was later convicted of lesser charges of simple assault, shoplifting and eluding arrest.

However, none of the defendants named on this claim can be found liable under § 1983 for

malicious prosecution.   Plaintiff sues Superior Court Judge Theemling, but "judges . . . are not

liable to civil actions for their judicial acts, even when such acts are in excess of their

jurisdiction, and are alleged to have been done maliciously or corruptly."   Figueroa v.

Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6

(1978)).   Plaintiff sues the prosecutor, but a prosecutor is absolutely immune from a damage

action under § 1983 for "initiating and pursuing a criminal prosecution."   Kalina v. Fletcher, 522

U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)).   Plaintiff sues his

public defender, but a public defender, although paid and ultimately supervised by the state, does

not act under color of state law in providing representation to a criminal defendant.   See Polk

County v. Dodson, 454 U.S. 312 (1981); Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268,

13

277 (3d Cir. 1999).   Because the complaint, as written, fails to assert a § 1983 malicious

prosecution claim against any named defendant, this claim will also be dismissed.

However, the Court is mindful that a district court may not dismiss a <u>pro se</u> complaint

without either granting leave to amend or concluding that any amendment would be futile.   <u>See</u>

<u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-111 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213 F.

3d 113, 116 (3d Cir. 2000).   "'Futility' means that the complaint, as amended, would fail to state

a claim upon which relief could be granted."   <u>Shane</u>, 213 F.3d at 115.   In this case, it is

conceivable that plaintiff may be able to assert a cognizable Fourth Amendment claim by filing

an amended complaint which asserts additional facts and/or names additional defendants.[8]

Dismissal of the complaint will be without prejudice to the filing of an amended complaint

within 45 days.   If plaintiff files an amended complaint within 45 days of the date of the entry of

the order accompanying this opinion, then this Court will enter an order reopening the file and

screening the amended complaint for dismissal.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants plaintiff's application to proceed <u>in</u>

<u>forma</u> <u>pauperis</u> and dismisses the complaint without prejudice to the filing of an amended

complaint within 45 days of the date of the entry of the order accompanying this opinion.

---

[8] Plaintiff should note that once an amended complaint is filed, the original complaint no
longer performs any function in the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically incorporated in the new [complaint].   6
Wright, Miller & Kane, <u>Federal Practice and Procedure:   Civil 2d</u> § 1476 (1990) (footnotes
omitted).   An amended complaint may adopt some or all of the allegations in the original
complaint, but the identification of the particular allegations to be adopted must be clear and
explicit.   <u>Id.</u>   To avoid confusion, the safer course is to file an amended complaint that is
complete in itself.   <u>Id.</u>

 /s/ Katharine S. Hayden
**KATHARINE S. HAYDEN, U.S.D.J.**

Dated:   August 30, 2007

15